925 F.2d 1464
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Raymond JACKSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-2215.
 United States Court of Appeals, Sixth Circuit.
 Feb. 22, 1991.
 
 Before RYAN and ALAN E. NORRIS, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Raymond Jackson appeals from the district court's order denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Jackson was convicted by a jury in September of 1986, for assault on a postal employee and depredation of government property in violation of 18 U.S.C. Secs. 111 & 1361. In his Sec. 2255 motion, he alleged that federal authorities "manipulated" the state criminal justice system by exploring state charges and calling state witnesses to testify against him at his federal detention hearing, thereby violating his constitutional rights under the first, fourth, fifth, sixth, eighth and fourteenth amendments. The district court denied the motion for relief, stating that his petition contained no basis whatsoever for granting relief under 28 U.S.C. Sec. 2255.
 
 
 3
 Upon review, we conclude that the district court properly denied the petitioner's motion, as Jackson has alleged no constitutional violation in the sentencing court's procedure before its final decision to detain him without bond pending his trial. Contrary to Jackson's argument, the policy set forth in the case of Petite v. United States, 361 U.S. 529, 531 (1960) (per curiam) is not applicable to his situation. The Petite policy is not constitutionally mandated and confers no right upon an accused. United States v. Renfro, 620 F.2d 569, 574 (6th Cir.), cert. denied, 449 U.S. 902 (1980). Moreover, the government is the only party with standing to assert the applicability of that policy in seeking dismissal of an indictment. Renfro, 620 F.2d at 574.
 
 
 4
 Jackson's argument that he was denied constitutional rights by the district court's decision to allow state officials to testify against him in his detention hearing is also without merit. Cooperation between state and federal officials in prosecuting a defendant does not violate any constitutional rights, and an accused is not denied due process by being tried a second time for the same offense by a different government entity, either state or federal. Bartkus v. Illinois, 359 U.S. 121, 136 (1959).
 
 
 5
 Accordingly, the district court's order denying his petition under Sec. 2255 is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.